UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| ROYALE ROBINSON ) | Case No. 05-10207-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION AND SUPPLEMENTAL ORDER**

A hearing was held in open court on May 2, 2005, on the debtor's motion for turnover of a Ford 2001 Mustang automobile that had been repossessed prepetition by Ford Motor Credit Company ("Ford Credit") and on Ford Credit's motion for relief from the automatic stay. The sole issue in dispute was the amount owed to Ford Credit on its secured claim. Ford Credit has filed a proof of claim for $10,873.98, while the debtor in her not-yet-confirmed plan showed the amount owed as $7,219.08. At the conclusion of the hearing, the court ruled that the debtor's plan, coupled with pre-confirmation adequate protection payments that the debtor had agreed to make, would provide Ford Credit with adequate protection of its security interest. On that basis, the court granted the motion for turnover and denied the motion for relief from the automatic stay. The court took under advisement the amount required to be paid to Ford Credit by the plan. For the reasons stated, the court determines that amount to be $9,796.76 before application of adequate protection payments.

Background

Royale Robinson ("the debtor") filed a voluntary petition in this court on January 21, 2005, for adjustment of her debts under chapter 13 of the Bankruptcy Code. On her

1

schedules, she listed an ownership interest in a 2001 Ford Mustang automobile which she had purchased in July 2001. The retail installment contract was financed through, and assigned to, Ford Credit. The amount financed was $23,670.54. The contract required 48 monthly payments of $625.22 beginning August 17, 2001, and disclosed an Annual Percentage Rate (APR) of 11.90%. On July 27, 2003, Ford Credit notified the debtor that the contract overstated the APR, and that the correct monthly payment amount and APR were $601.59 and 9.90%, respectively. The contract granted Ford Credit a security interest in the automobile to secure payment of the amount financed, and Ford Credit's lien is duly noted on the certificate of title.

The debtor's payment history could be fairly described as checkered. Early in the loan she requested and was granted two extensions – the effect of which was to allow her to skip the payment in question and add it on to the end of the contract – but otherwise made payments (occasionally late) without incident for approximately a year and a half, when she fell sufficiently far behind that Ford Credit repossessed the vehicle in March 2003. The vehicle was returned to her after she brought the payments current. After falling behind again, she filed the first of four bankruptcy cases that preceded the present case. After the most recent of those cases was dismissed, Ford Credit repossessed the vehicle on January 18, 2005. The present case was filed three days later.

Ford Credit has filed a proof of claim in this case in the amount of $10,873.98, exclusive of attorneys fees and storage costs. At the hearing, Ford Credit placed into evidence a payment history extracted from its computer database. The history shows that the loan was funded on July 26, 2001, in the amount of $23,670.54. Ford Credit's witness,

Robin Dennee, whose title was customer service representative, testified that the computer allocated payments received first to interest, then to principal. She also testified that interest was computed on a daily basis, and that, although the interest rate was not shown on the print-out, it should have been the 9.90% rate stated in the notice that was sent to the debtor. Unfortunately, she was not familiar with all the details of the accounting system. In particular, she was unable to provide a meaningful explanation for a number of accounting entries labeled "RECOVER NONACCR" and "DEC NONACC RCVY." As best the court can glean from her testimony, those entries are for internal accounting purposes and have no effect on the amount due from the customer. In any event, she testified that all accruals stopped on the date the car was repossessed, and that the payoff shown on Ford Credit's records following the repossession is $10,279.83. Counsel for Ford Credit represented that his fee for representing Ford Credit in the bankruptcy case is $525.00. No evidence was presented as to any storage fees.

      The statement of account shows that the debtor has made a total of $21,153.87 in payments to Ford Credit. Although the debtor testified she believed there may have been one or more additional payments not recorded on the statement of account, the court finds that she has not carried her burden of proving that additional payments were made. The court therefore accepts the statement of account as correctly showing the date and amount of the payments received, as well as the late fees and repossession fees charged to the account. However, when the court attempted to duplicate the allocation of payments to principal and interest, it became clear that Ford Credit did not apply a rate of 9.9% per annum, but

something closer to 10.1% per annum.[1]  Accordingly, the court has performed its own calculation.  The results are attached to this opinion as an exhibit.  For each payment, interest due is calculated on a daily basis (using a 365-day year) through the "effective date" of the payment.  The payment is applied first to fees, then to interest, then to principal.  Any unpaid fees or interest are simply accrued until the next payment (i.e., there is no negative amortization).

The difference between using a 9.9% interest rate and whatever rate was used by Ford Credit is not inconsiderable.  Based on the court's calculations, the principal balance due on the filing date of repossession was $8,761.95.  To this must be added the $410.00 in repossession fees and $99.81 in accrued interest through the date of repossession. Since the parties agree that Ford Credit is oversecured,[2] Ford Credit's secured claim also properly include its $525.00 in attorney's fees for post-petition services. §506(b), Bankruptcy Code. The total amount before application of the adequate protection payments is therefore $9,796.76.  As a condition of turnover, the court has required the debtor to pay Ford Credit $2,406.36.  This payment is properly treated as a credit against the claim, leaving $7,390.40 to be paid though the plan (with interest at 9.9%, as provided by the plan).

O R D E R

For the foregoing reasons, it is

**ORDERED:**

---

[1] Using a standard financial calculator, repayment of $23,670.54 (the amount financed in this case) in 48 monthly installments of $601.59 equates to an interest rate of 10.11% per annum.

[2] The debtor's plan values the automobile at $11,905.00.

1. Claim No. 1 filed by Ford Credit in the amount of $10,873.98 is allowed as a fully secured claim in the amount of $9,796.76 and the balance of the claim is disallowed. The $2,406.36 adequate protection payment required by this court's prior order shall constitute a credit against such claim, leaving a balance of $7,390.40 to be paid by the chapter 13 trustee with interest at 9.9% per annum.  ***The debtor is required to provide evidence of the adequate protection payment to the chapter 13 trustee.***

2. The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____              _____
                                          Stephen S. Mitchell
Alexandria, Virginia                      United States Bankruptcy Judge

Copies to:

Ms. Royale Robinson
19520 Meadowview Court
Leesburg, VA  20175
Debtor *pro se*

Kevin M. O'Donnell, Esquire
Henry, Henry, O'Donnell & Dahnke, P.C.
4103 Chain Bridge Road, Suite 100
Fairfax, VA 22030
Counsel for Ford Motor Credit Company

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA 22314
Chapter 13 trustee

**Payment Analysis**
**Royale Robinson, debtor**
**Ford Motor Credit Company, creditor**

| Pmt Date | Days | Pmt Amt | Fees | New Int | Int Paid | Int Acc | Prin Paid | Prin Bal |
|---|---|---|---|---|---|---|---|---|
| 07/26/2001 | 0 | | | | | | | $23,670.54 |
| 08/11/2001 | 16 | 601.59 | | 102.72 | 102.72 | 0.00 | 498.87 | 23,171.67 |
| 09/08/2001 | 28 | 601.59 | | 175.98 | 175.98 | 0.00 | 425.61 | 22,746.06 |
| 12/15/2001 | 98 | 601.59 | | 604.61 | 601.59 | 3.02 | 0.00 | 22,746.06 |
| 01/11/2002 | 27 | 601.59 | | 166.58 | 169.59 | 0.00 | 432.00 | 22,314.07 |
| 02/16/2002 | 36 | 601.59 | | 217.88 | 217.88 | 0.00 | 383.71 | 21,930.36 |
| 03/16/2002 | 28 | 601.59 | | 166.55 | 166.55 | 0.00 | 435.04 | 21,495.32 |
| 04/15/2002 | 30 | 601.59 | | 174.91 | 174.91 | 0.00 | 426.68 | 21,068.64 |
| 05/19/2002 | 34 | 601.59 | | 194.29 | 194.29 | 0.00 | 407.30 | 20,661.34 |
| 06/11/2002 | 23 | 601.59 | | 128.89 | 128.89 | 0.00 | 472.70 | 20,188.64 |
| 08/11/2002 | 61 | 601.59 | | 334.03 | 334.03 | 0.00 | 267.56 | 19,921.08 |
| 09/18/2002 | 38 | 601.59 | | 205.32 | 205.32 | 0.00 | 396.27 | 19,524.81 |
| 11/12/2002 | 55 | 631.66 | 30.07 | 291.27 | 291.27 | 0.00 | 310.32 | 19,214.49 |
| 12/27/2002 | 45 | 631.66 | 60.14 | 234.52 | 234.52 | 0.00 | 337.00 | 18,877.49 |
| 02/28/2003 | 63 | 631.57 | 60.16 | 322.57 | 322.57 | 0.00 | 248.84 | 18,628.65 |
| 03/17/2003 | 17 | 600.00 | 390.00 | 85.90 | 85.90 | 0.00 | 124.10 | 18,504.55 |
| 03/18/2003 | 1 | 1,685.00 | | 5.02 | 5.02 | 0.00 | 1,679.98 | 16,824.57 |
| 04/16/2003 | 29 | 571.61 | | 132.34 | 132.34 | 0.00 | 439.27 | 16,385.30 |
| 05/21/2003 | 35 | 601.59 | | 155.55 | 155.55 | 0.00 | 446.04 | 15,939.25 |
| 07/11/2003 | 51 | 635.00 | 30.08 | 220.49 | 220.49 | 0.00 | 384.43 | 15,554.82 |
| 10/28/2003 | 109 | 1,202.30 | 29.91 | 459.87 | 459.87 | 0.00 | 712.52 | 14,842.30 |
| 11/07/2003 | 10 | 601.15 | | 40.26 | 40.26 | 0.00 | 560.89 | 14,281.41 |
| 11/19/2003 | 12 | 601.15 | | 46.48 | 46.48 | 0.00 | 554.67 | 13,726.74 |
| 12/16/2003 | 27 | 601.15 | | 100.52 | 100.52 | 0.00 | 500.63 | 13,226.11 |
| 01/15/2004 | 30 | 601.59 | | 107.62 | 107.62 | 0.00 | 493.97 | 12,732.15 |
| 01/16/2004 | 1 | 601.59 | | 3.45 | 3.45 | 0.00 | 598.14 | 12,134.01 |
| 02/18/2004 | 33 | 601.59 | | 108.61 | 108.61 | 0.00 | 492.98 | 11,641.03 |
| 03/19/2004 | 30 | 601.59 | | 94.72 | 94.72 | 0.00 | 506.87 | 11,134.16 |
| 04/23/2004 | 35 | 601.59 | | 105.70 | 105.70 | 0.00 | 495.89 | 10,638.27 |
| 05/21/2004 | 28 | 601.59 | | 80.79 | 80.79 | 0.00 | 520.80 | 10,117.47 |
| 10/28/2004 | 160 | 602.00 | 30.08 | 439.07 | 439.07 | 0.00 | 132.85 | 9,984.62 |
| 12/07/2004 | 40 | 602.00 | | 108.33 | 108.33 | 0.00 | 493.67 | 9,490.95 |
| 12/07/2004 | 0 | 602.00 | | 0.00 | 0.00 | 0.00 | 602.00 | 8,888.95 |
| 12/07/2004 | 0 | 127.00 | | 0.00 | 0.00 | 0.00 | 127.00 | 8,761.95 |
| 01/18/2005 | 42 | 0.00 | 410.00 | 99.81 | 0.00 | 99.81 | 0.00 | 8,761.95 |
| Totals | | $21,153.87 | $1,040.44 | | $5,614.84 | | $14,908.59 | |