UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                      )
                                            )
    ROYALE ROBINSON                   )    Case No. 05-10207-SSM
                                            )    Chapter 13
        Debtor                      )

**MEMORANDUM OPINION AND ORDER**

A hearing was held in open court on October 12, 2005, on the debtor's objection to Claim No. 2 filed by ML Casa II, LLP in the amount of $12,868.09. The creditor filed no response to the objection and was not present in court. The debtor was also not present, but left a note with the clerk stating that she could not stay for the hearing because she had an urgent matter to attend to. For the reasons stated, the claim will be reduced by $691.54 but will otherwise be allowed.

Background

The debtor, Royale Robinson, filed a voluntary petition in this court on January 21, 2005, for adjustment of her debts under chapter 13 of the Bankruptcy Code. This was the fifth bankruptcy case (and fourth chapter 13 case) filed by the debtor within the prior two years. A plan was confirmed (with certain modifications) on May 12, 2005. ML Casa II, LLP is the debtor's former landlord and filed a timely proof of claim on May 9, 2005, in the amount of $12,868.09. In the debtor's first bankruptcy case – a chapter 7 case in which she received a discharge – she brought an adversary proceeding against the landlord's management company seeking both injunctive relief to prevent an eviction and money

1

damages for alleged violation of the automatic stay. Although this court granted preliminary injunctive relief, the action was ultimately dismissed for failure to prosecute. *Royale Robinson v. AvalonBay Communities, Inc. (In re Royale Robinson)*, No. 03-13538, A.P. No. 03-1262 (Bankr. E.D. Va., January 13, 2004).

The attachments to the proof of claim reflect that the creditor obtained a judgment against the debtor in the General District Court of Loudoun County, Virginia, on June 9, 2004, in the amount of $7,995.94, with interest at 9% from that date until paid, $37.00 in court costs, and attorneys fees of $85.00 for a total due on the judgment of $8,561.55:

| | |
|---|---:|
| Judgment principal | $7,995.94 |
| Interest @ 9% 6/9/04 - 1/20/05 | 443.61 |
| Court costs | 37.00 |
| Attorney's fees | 85.00 |
| Total on judgment | $8,561.55 |

The proof of claim also asserts an entitlement to unpaid rent at the rate of $1,005 per month from entry of the judgment through October 3, 2004 (the day prior to the date the debtor was evicted) plus late charges, "month to month fees", and "TCR" fees:

| | |
|---|---:|
| Rent 6/10/04 - 10/4/04 | $3,815.76 |
| Late fees | 225.00 |
| Month to month fees | 189.84 |
| TCR fees | 75.94 |
| Total post-judgment | $4,306.54 |

<u>Discussion</u>

In her objection, the debtor asserts (1) the claim is in excess of the amount shown in the debtor's confirmed plan, (2) the claim exceeds the amount shown in the substantiating documentation, and (3) she would not have incurred the claim but for the creditor's misconduct.

As to the first point, the court has reviewed the debtor's plan and is unable to find any provision within it that purports to fix the amount of ML Casa II, LLP's unsecured claim. In a chapter 13 case, the mere listing of a claim on the debtor's schedules in a particular amount does not determine or limit the creditor's allowed claim. Additionally, it is not the function of a chapter 13 plan to determine the amount or allowability of a creditor's claim, only its treatment. In the present case, the confirmed plan provides for allowed general unsecured claims to be paid pro rata from the funds remaining after payment of priority and secured claims. A creditor acquires an allowed claim by filing a proof of claim. § 502(a), Bankruptcy Code; Fed.R.Bankr.P. 3002(a). A filed claim loses its allowed status only if a party in interest objects to the claim, and the court, after notice and a hearing, disallows the claim. § 502(b), Bankruptcy Code; Fed.R.Bankr.P. 3007.

The court does have to agree with the debtor, however, that the documentation attached to the proof of claim does not fully substantiate the amount of the claim. The largest portion of the claim is established by the state court judgment, which must be accorded res judicata effect. *In re Wizard Software, Inc.*, 185 B.R. 512 (Bankr. E.D. Va. 1995). The rent due for the period subsequent to the judgment is set forth by affidavit. The affidavit, however, relies upon, and incorporates by reference, the lease, which is attached as an exhibit. The statement of account asserts monthly base rent of $1,005.00. The lease,

however, provides for monthly base rent of $880.00.  To be sure, it would not be surprising if the rent had been increased since the signing of the lease (which was for an original term of one year) in September 2002.  But if so, no documentation has been attached to reflect that increase, and the creditor has not — in response to the debtor's objection that the claim is not properly documented — supplied copies of any lease renewals or addenda that might support a higher rent figure.  With respect to the claimed additional fees, the lease clearly provides for the $20.00 per month trash removal charge (which the court assumes to be the "TCR" referenced in the statement of account) and the $75.00 late charges.  However, the court is unable to find any support in the lease for the $50.00 per month "month to month fee."  Accordingly, the court will disallow the claimed rent in excess of $880.00 per month and the $50.00 month to month fees.[1]

This leaves for consideration the debtor's assertion that it was the creditor's own misconduct that caused the debtor to hold over and to incur rent obligations that she was unable to pay.  Specifically, the debtor asserts that in the chapter 7 case, the creditor violated the automatic stay by not cancelling a scheduled eviction.  This, she says, not only caused her to be absent from work while she filed a request for a temporary restraining order and an adversary proceeding against the landlord,[2] but also caused her to miss appointments with

---

[1] The revised computation of the post-judgment portion of the claim is therefore as follows:

| | |
|---|---:|
| Rent 6/10/04 - 10/4/04 @ $880/mo | $3,314.67 |
| Trash removal (same period) @ $20/mo | $75.33 |
| Late charges Jul, Aug, Sep @ $75 | $225.00 |
| Total allowed post-judgment claim | $3,615.00 |

[2] The defendant in the adversary proceeding was an entity called AvalonBay Communities,
(continued...)

the Loudoun County Affordable Housing Office, which in turn delayed the issuance of an affordable housing certificate and derailed her ability to find alternative housing. She also asserts that the creditor was responsible for her car having been blocked one morning in the parking lot (causing her to be late to work) and for leaking private information about her to her employer.

The problem here is that in her first bankruptcy case, the debtor brought an adversary proceeding against the landlord's agent seeking money damages for the same violation of the automatic stay. That action was dismissed for failure to prosecute after the debtor failed to respond to discovery and failed to appear at the final pretrial conference. Unless otherwise stated in the dismissal order, a dismissal for failure to prosecute operates as an adjudication on the merits. Fed.R.Bankr.P. 7041; Fed.R.Civ.P. 41(a); *LaBeau v. Taco Bell, Inc.*, 892 F.2d 605 (7th Cir. 1989). Since the order dismissing the debtor's adversary proceeding did not provide that the dismissal was without prejudice, the dismissal operated as an adjudication on the merits and precludes the debtor from now asserting the alleged automatic stay violation as a setoff to the landlord's claim. Accordingly, although the claim will be reduced to reflect the disallowance of post-judgment rent in excess of $880 per month and the claimed "month to month" fees, the claim must otherwise be allowed.

O R D E R

For the reasons stated, it is

**ORDERED:**

---

[2](...continued)
Inc., which is identified in the lease as the "manager" and "agent for the owner."

1. The objection to claim is sustained in part and overruled in part. Claim No. 2 filed by ML Casa II, LLP, is allowed in the amount of **$12,176.55**. The balance of the claim is disallowed.

2. The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge


Copies to:

Royale Robinson
19520 Meadowview Court
Leesburg, VA 20175
Debtor *pro se*

ML Casa II, LLP
c/o Magruder & Associates, P.C.
1889 Preston White Drive, Suite 200
Reston, VA 20191
Creditor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA 22314
Chapter 13 trustee